J-S40004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELVIN LYNCH | |
| Appellant | No. 1573 EDA 2014 |

Appeal from the Judgment of Sentence April 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0039189-2013

BEFORE: BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

Melvin Lynch appeals from the judgment of sentence of six months probation imposed by the trial court after it convicted him of indirect criminal contempt. We affirm.

On September 6, 2013, Chanel Jacobs obtained a Protection from Abuse ("PFA") order against Appellant, her former boyfriend. That order prohibited Appellant from abusing, harassing, stalking or threatening Ms. Jacobs in any place where she might be found, and barred him from having any contact with her at any location. Specifically, the order evicted Appellant from their residence on South Beechwood Street, in Philadelphia, Pennsylvania, but provided an opportunity for him to remove his belongings while under police supervision.

At approximately 2:00 p.m. on October 8, 2013, Appellant requested a police escort to acquire his personal effects from the residence.[1]  Police officers arrived, and Appellant collected his belongings and moved them to a neighbor's house located a short distance down that same block.  After Appellant removed his possessions, Officer Trang Le reminded him that he could not return to the location.  Appellant then left the property.

Twenty minutes later, Officer Le received a call over the police radio to return to the subject location.  As she approached the domicile, Officer Le observed Appellant pacing in the street directly in front of the property.  When he noticed Office Le returning to the house, Appellant began to walk away.  Officer Le then stopped and arrested Appellant.  Ms. Jacobs remained within the residence until Appellant's arrest.

Following a bench trial, the court convicted Appellant of indirect criminal contempt and sentenced him to six months probation.  Appellant timely appealed, and complied with the court's direction to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court authored its Pa.R.A.P. 1925(a) opinion, and this matter is now ready for our review.

Appellant raises a single issue for our consideration:

---

[1] The final PFA order indicates Appellant was to remove his property on September 8, 2013.  The record does not reveal a reason for this delay.

> Did not the Commonwealth fail to present sufficient evidence to convict appellant on the charge of criminal contempt for violating a Protection from Abuse order because appellant did not violate any condition of the order, nor did he act with wrongful intent?

Appellant's brief at 3.

In analyzing a sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable a fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa.Super. 2015) (citations omitted). "In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. ***Id***. In addition, the evidence "need not preclude every possibility of innocence." ***Id***. The Commonwealth may meet its burden by wholly circumstantial evidence and "any doubt regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Id***. Moreover, "in applying the above test, the entire record must be evaluated and all evidence actually received must be considered." ***Id***. Finally, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Id***.

The Protection from Abuse Act permits a court to punish and hold in indirect criminal contempt a defendant who violates a PFA order. 23 Pa.C.S.

§ 6114(a). To establish indirect criminal contempt, the Commonwealth must prove: 1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent. *Commonwealth v. Walsh*, 36 A.3d 613, 618 (Pa.Super. 2012) (citation omitted).

Appellant's sufficiency challenge is multifaceted. Appellant first contends that he did not violate the conditions of the PFA order, as the court never specified how those conditions applied to his conduct. Appellant's brief at 15. Appellant's initial argument contests the trial court's finding that his mere presence in the street in front of the victim's house violated the PFA order. He asserts that the PFA order barred his entry onto the "premises," which he argues does not extend past the property line, and that he did not otherwise contact, harass, stalk, or threaten the victim. *Id*. at 15-20. The crux of Appellant's contentions may be summarized in his own words, "the trial court is itself attempting to expand the meaning of the PFA conditions by using the word 'location' to suggest that the PFA [order] bars [Appellant] not only from the house or property of [2XX0] S. Beechwood, but from the general area around it. It does not." *Id*. at 16. We disagree.

- 4 -

Here, the terms of the PFA order clearly delineate the conduct prohibited therein. Appellant was not permitted to "abuse, stalk, harass, threaten or attempt to use physical force . . . in any place where [Ms. Jacobs] may be found." PFA Order, 8/6/13, ¶ 1. Furthermore, the PFA order "evicted and excluded [Appellant] from the residence at [2XX0] S. Beechwood St., Phila, PA 19145," granting him "no right or privilege to enter or be present on the premises of [Ms. Jacobs]." *Id*. at ¶ 2.

Officer Le testified that she initially arrived at the subject location in order to escort Appellant onto the property so that he could retrieve his personal belongings. N.T. Trial, 4/8/14, at 6. Appellant informed the officer that her supervision was necessary under the terms of the PFA order. *Id*. at 7. After he finished collecting his things, Appellant left the property and went to a neighbor's house. *Id*. at 8-9; 24. Subsequently, Officer Le returned to the area and witnessed Appellant "pacing in the vicinity" of the victim's house. *Id*. at 15-16. During this incident, Ms. Jacobs remained in her home, and exited only after the officer arrested Appellant. *Id*. at 12.

Given the clear language restricting Appellant's behavior, and the testimony of Officer Le, the Commonwealth presented sufficient evidence to prove that Appellant violated the terms of the PFA order. The evidence adduced at trial supports the inference that Appellant's presence in the vicinity of Ms. Jacobs's residence prevented her from leaving her house until police returned. In addition, we are not persuaded by Appellant's argument

that the parameters of the PFA order did not extend beyond the property line of [2XX0] South Beechwood Street. Appellant's behavior was no less threatening to the victim simply because it occurred a short distance beyond the property line, rather than on the premises itself. Furthermore, the street directly in front of Ms. Jacobs's house is certainly a place where she "may be found." PFA Order, 8/6/13, ¶ 1. Therefore, Appellant's first contention fails.

Appellant next asserts that he had no wrongful intent when he stood near Ms. Jacob's home. *Id*. at 21. He maintains that he summoned the police to return to the location so that he could retrieve an item accidently left behind, and that, as a result, his actions were an attempt to follow the terms of the PFA order. *Id*. at 22. Mindful that the trial court was free to believe all, part, or none of Appellant's testimony, **Gonzalez**, **supra**, we find the Commonwealth presented sufficient evidence that Appellant acted with wrongful intent.

Instantly, Appellant knew he could not return to the property after Officer Le departed. N.T. Trial, 4/8/14, at 29. He testified that the officer told him to wait "right where [he] was at on the block." *Id*. at 25. Nevertheless, Appellant returned to the area near the victim's house without police supervision. *Id*. at 9. Notably, Officer Le testified that Appellant attempted to walk away from her vehicle as she approached him, *id*. at 11, further bolstering the conclusion that Appellant willfully violated the terms of the PFA order. Considered together, this evidence supports the conclusion

that Appellant wrongfully intended to return to the victim's residence in defiance of the terms of the PFA order.

When viewed in the light most favorable to the Commonwealth, the evidence adduced at trial established beyond a reasonable doubt that Appellant intentionally engaged in conduct that violated the terms of the PFA order.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016